IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROOSEVELT J. ROBINSON,

      Plaintiff,                       No. 2:12-cv-1992 MCE KJN P

   vs.

J. JAKSCH, et al.,

      Defendants.          ORDER

_____/

       Plaintiff is a Solano County Jail detainee, proceeding without counsel or "pro se," in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel.

       District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

In the present case, plaintiff notes that the Solano County Jail has no law library, and that requests for legal materials must be made to "Legal Research Associates" ("LRA"), an organization that contracts with Solano County to provide legal services to its jail detainees. Plaintiff states that the materials available through LRA, and the services they provide, are limited; moreover, detainees may make only five requests per week. Plaintiff states that he has attempted without success to obtain counsel, that he has a limited understanding of the rules of civil procedure,[1] and that, at trial, counsel would be better able to present plaintiff's evidence and cross-examine witnesses.

Plaintiff's reasons for requesting appointment of counsel are not dissimilar to those asserted by most prisoners. In addition, plaintiff has demonstrated, to date, the ability to articulate the legal issues in this case and to pursue discovery. It is not clear that this case will proceed to trial; few prisoner cases proceed to trial, and many prisoner civil rights cases are resolved in the plaintiff's favor without trial.

Therefore, having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 22, 2013 motion for the appointment of counsel (Docket No. 27), is denied without prejudice.

DATED: April 1, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

robi1992.31kjn

---

[1] Plaintiff is informed that the pertinent rules are set forth in the Federal Rules of Civil Procedure and the Local Rules of this court, not state statutes and rules.

2