1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ROOSEVELT J. ROBINSON,

11              Plaintiff,              No. 2:12-cv-1992 TLN KJN P

12        vs.

13    J. JAKSCH, et al.,

14              Defendants.            <u>ORDER</u>

15    _____/

16         Plaintiff is a Solano County Jail detainee, proceeding in forma pauperis and

17    without counsel in this civil rights action against Vallejo Police Officers J. Jaksch, E. Jensen, and

18    S. Cheatham.  Plaintiff alleges that these defendants used excessive force, resulting in injury to

19    plaintiff, then intentionally denied plaintiff medical care, incident to his March 17, 2012 arrest.

20    Defendants are represented by the Vallejo City Attorney's Office.  Currently pending are three

21    motions to compel discovery, each filed by plaintiff.  For the reasons that follow, the court will

22    require defendants to provide further answers to plaintiff's interrogatories.  In addition, the court

23    extends the dispositive motion deadline to December 14, 2013.

24         By order filed April 1, 2013, the court extended the discovery and motion

25    deadlines in this action to permit the parties adequate time to complete discovery before the

26    court's consideration of a dispositive motion.  Discovery was extended to July 12, 2013, and the

deadline for filing dispositive motions was extended to October 11, 2013.  (See ECF No. 31.) Defendants were directed to serve their responses to plaintiff's outstanding discovery requests (plaintiff's First Set of Interrogatories).

Plaintiff now contends that defendants' responses were inadequate (ECF Nos. 34, 37), and also seeks to compel defendants' compliance with plaintiff's Request for Inspection of Clothing (ECF No. 38), and Request for Inspection of Documents (ECF No. 39).  Defendants respond that they provided "timely and verified responses" to plaintiff's interrogatories (pursuant to the court's order).  (ECF No. 35.)  Defendants have not responded to plaintiff's subsequent motions, presumably because they would again assert, as they did in response to plaintiff's initial motion (ECF No. 29), that plaintiff propounded the disputed discovery requests less than 60 days prior to the discovery deadline, as required by the court's initial scheduling order (ECF No. 17 at 6, ¶ 6).

The court's extension of the discovery deadline did not alter the original time periods for propounding, and responding to, discovery requests.  Pursuant to the extended discovery deadline of July 12, 2013, plaintiff was required to propound his requests no later than 60 days before, or by May 13, 2013.  Plaintiff's requests for inspection, served on June 24, 2013 (inspection of clothing), and July 7, 2013 (inspection of documents), were therefore untimely. Moreover, because plaintiff has not provided a copy of either request, the court is unable to ascertain their relevance.  Defendants will not be required to respond to either request.

Plaintiff also seeks further answers to his Interrogatories 3-7, 9-13, 15-16, and 18, based on his assertion that defendants' answers are incomplete.  Indeed, the court's review of defendants answers (attached to plaintiff's motion) demonstrates that they are particularly uninformative.  Significantly, plaintiff served his interrogatories only on defendant Jasksch.  The court finds, however, that, because each defendant apparently had separate, as well as joint, relevant interactions with plaintiff,  each defendant shall provide separate answers to plaintiff's interrogatories, as set forth herein.  Federal civil discovery is intended to serve a "vital role" in

"narrow[ing] and clarify[ing] the basic issues between the parties, and . . . ascertaining the facts,

or information as to the existence or whereabouts of facts, relative to those issues. . . . [in order]

for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

Hickman v. Taylor, 329 U.S. 495, 501 (1947).  These goals are particularly important in a pro se

prisoner civil rights action, due to the plaintiff's limited ability to obtain relevant evidence.

Defendants must be forthcoming in their answers to plaintiff's interrogatories, and must provide

all pertinent responsive factual information (over stated objections, if appropriate), so that the

court, not the parties, can ultimately decide this case on the merits.

> 1. Interrogatory Nos. 6-7, 9-11, 16, 18 (plaintiff's alleged injuries)

Despite the allegations of the complaint that plaintiff was, after an allegedly five-

hour detention, referred by a Solano County Jail nurse to the Sutter Solano Medical facility,

where plaintiff received treatment, including stitches, defendant objects to every interrogatory

seeking information about plaintiff's alleged injuries.[1]  See Interrogatory 6 ("Did you see any

evidence of injury on Plaintiff . . . .?"  Answer:  "Responding party objects as the interrogatory

lacks foundation, assumes facts not in evidence, is compound and unintelligible."); Interrogatory

7 ("Did you witness any complaint of injury by Plaintiff such as requests for a nurse to check and

clean the wounds before Plaintiff touched it himself?"  Answer:  "Responding party objects as

the interrogatory lacks foundation, assumes facts not in evidence, is compound and

unintelligible.");  Interrogatory 9 ("Do you have knowledge of any deliberate indifference to

---

[1] As found by the court upon initial screening, "[p]laintiff's complaint . . . allege[s] excessive force, resulting injuries, and intentional denial of medical care, incident to plaintiff's March 17, 2012 arrest, by defendant Vallejo Police Officers J. Jaksch, E. Jensen, and S. Cheatham."  (ECF No. 5 at 2.)  The complaint alleges in pertinent part that these defendants landed "blows to the head and uper (sic) torso area.  I was stomped on the back of the head so hard my chin was busted and a tooth was chipped.  I was refused medical treatment and was held for interrogation - at 22:30 (10:30 pm), 5 hours later I was taken to the Solano County Jail, where after seeing my injuries, a nurse had me taken to Sutter Solano Medical where I was given four stiches (sic) and treated for other injuries."  (ECF No. 1 at 3.)  Defendant's narrative answers to Interrogatories 1 and 2 concede that "Jaksch . . . jumped on Plaintiff Robinson's back.  Plaintiff Robinson was resistive and struggling.  Defendants Jensen and Jaksch overcame his resistance and got Plaintiff Robinson into handcuffs."  (ECF No. 34 at 4, 6.)

Plaintiff 's medical needs such as C. Cheatham handing Plaintiff an unsanitized napkin, without gloves, to wipe his bloody chin?"  Answer:  "Responding party objects to this interrogatory as it lacks foundation, assumes facts not in evidence, and calls for a legal conclusion."); Interrogatory 10 ("Did you, or any officer to your knowledge, report any injuries Plaintiff received while in your custody?"  Answer:  "Responding party objects to this interrogatory as overbroad, assumes facts not in evidence, and lacks foundation.  Responding party cannot answer this interrogatory because it is unintelligible, report to 'whom.'  Furthermore, responding party is unaware of any injuries that Plaintiff allegedly received while in police custody."); Interrogatory 11 ("When was it that you were first aware of Plaintiff's bleeding?"  Answer:  Responding party objects to this interrogatory as assuming facts not in evidence, lacking foundation and unintelligible."); Interrogatory 16 ("During the interview of Plaintiff on March 17, 2012, did you notice any evidence of an injury on Plaintiff?"  Answer:  "Responding party objects to this interrogatory on the basis that it assumes facts not in evidence, lacks foundation, and is vague and ambiguous as to Plaintiff's unspecified injury."); Interrogatory No. 18 ("Do you have certified authority to examine wounds and make medical judgements?"  Answer: "Responding party objects to this interrogatory on the basis that it is not reasonably calculated to lead to admissible evidence.").

While the wording of these interrogatories lacks legal refinement, the meaning and significance of plaintiff's inquiries are clear.  Each defendant will be required to provide a substantive response to each of these interrogatories, which shall include a statement whether each defendant was aware of any injuries to plaintiff and, if so, the apparent nature and extent of plaintiff's injuries, and each defendant's response thereto.

2.  Interrogatory No. 3 (department procedures)

In related Interrogatory No. 3, plaintiff asked, "What is the procedure of the Vallejo Police Department for an injured suspect in your custody?"  Defendant answered: "Responding party objects to this interrogatory because it denies that Plaintiff was injured.  As a result, the request is overbroad and unduly burdensome as Plaintiff seeks information that is not

4

1  germane to the instant dispute."

2       Defendant's objection is overruled.  Whether the department had relevant policies

3  and procedures in place, and whether defendants complied with these policies and procedures,

4  are essential factors in plaintiff's civil rights suit.  See Monell v. Department of Social Services,

5  436 U.S. 658, 694(1978) ("it is when execution of a government's policy or custom, whether

6  made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

7  policy, inflicts the injury that the government as an entity is responsible under § 1983.")[2]

8       Defendants are directed to provide a complete substantive response, with

9  document citations if appropriate, to this interrogatory as currently framed.

10       3.  Interrogatory Nos. 12-13, 15 (plaintiff's detention)

11       Similarly obfuscating are defendant's answers to plaintiff's interrogatories

12  concerning the duration of his detention.  See Interrogatory No. 12 ("How many hours was

13  Plaintiff in your custody?"  Answer:  "Defendant Jaksch does not have personal knowledge as to

14  this interrogatory."); Interrogatory No. 13 ("Did you speak with Plaintiff for 1 hour or more?")

15  Answer:  "Discovery is continuing, not yet known."); Interrogatory No. 15 ("what is the evidence

16  number [of] the 2 ½ hour interview video conducted by you [Jaksch] and S. Cheatham logged

17  into evidence under (sic)?"  Answer:  Objections based on wording, official information

18  privilege, self-critical analysis privilege, attorney-client privilege, work product doctrine, and

19  private information of third parties.)

20       Defendants shall each provide specific factual answers to Interrogatory Nos. 12

21  and 13, the latter construed as a request to state the duration of each defendant's questioning of

22  plaintiff.  Interrogatory No. 15 requires sufficient identification of the subject video to support a

23  request by plaintiff to view the video, subject to the discretion of Solano County Jail

24

25     [2]  In contrast, "a municipality cannot be held liable under § 1983 on a respondeat superior

26  theory."  Monell, 436 U.S. at 691.  Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Id. at 694.

1  administration and staff to provide plaintiff with a reasonable opportunity and location to view

2  the video, in preparation for this litigation.

3       4. <u>Interrogatory No. 4 (defendants' disciplinary history)</u>

4      Pursuant to his Interrogatory No. 4, plaintiff asked:  "Have you ever been

5  disciplined, placed under investigation, or had your pay decreased while employed at the Vallejo

6  Police Dept?"  Defendants objected to the wording and content of this interrogatory, and

7  interposed objections based on official information privilege, self-critical analysis privilege,

8  attorney-client privilege, work product doctrine, and private information of third parties.

9      Courts within this circuit have held that the personnel records and performance

10  evaluations of law enforcement officers are relevant in excessive force cases, subject to a

11  balancing test that considers the privacy interests of the officers.  <u>See, e.g.</u>, <u>Soto v. City of</u>

12  <u>Concord</u>, 162 F.R.D. 603, 615 (N.D. Cal.1995); <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D.

13  Cal.1987).  Here, plaintiff is not requesting documents, only "yes" or "no" answers.  Properly

14  circumscribed, this interrogatory only modestly impinges on the privacy rights of the officers,

15  which the court finds is outweighed by plaintiff's right to know whether any defendant has a

16  history or pattern of excessive force against arrestees/detainees.  So construed, each defendant is

17  required to answer "yes" or "no" to each of the following questions:

18       While employed as a Vallejo Police Officer, and pursuant to

19       allegations or findings of excessive force, have you ever been:  (a)
     disciplined?  (b) placed under investigation? or (c) had your pay

20       decreased?

21       5. <u>Interrogatory No. 5 (third party information)</u>

22      Plaintiff's Interrogatory No. 5,[3] construed as follows, shall be answered by each

23  defendant:

24  _____

25    [3] As currently framed, plaintiff's Interrogatory No. 5 reads:  "Identify and locate any
person who, to you or your attorney's knowledge, claims to know of facts relevant to the conduct

26  described in these interrogatories."  Defendants objected on multiple grounds.

1            Commencing March 17, 2012, identify any employee of the
Vallejo Police Department, Solano County Jail, and Sutter Solano
2 Medical facility (other than defendants herein), who had direct
contact with plaintiff from the moment of his arrest, through his
3 initial detention; examination by the jail nurse; transportation to,
and treatment, at the medical facility; plaintiff's return to Solano
4 County Jail and cell assignment.

5           For these several reasons, IT IS HEREBY ORDERED that:

6            1.  Plaintiff's motion to compel further answers to interrogatories (ECF No. 34), is

7 granted; plaintiff's motions to compel inspection (ECF Nos. 38, 39), are denied.

8            2.  Plaintiff's First Set of Interrogatories shall be separately answered by each

9 defendant; defendant Jaksch shall serve plaintiff with a supplemental response; defendants

10 Jensen and Cheatham shall each serve plaintiff with an initial response.

11           3.  Defendants shall serve plaintiff with their responses within thirty days after

12 service of this order, and shall contemporaneously file a notice of compliance with the court, that

13 includes a copy of each defendant's answers.  The court will review the adequacy of defendants'

14 responses to plaintiff's interrogatories.

15           4.  No other discovery is permitted in this action absent further order of this court.

16           5.  The dispositive motion deadline in this action is extended to December 14,

17 2013.  Motions shall be briefed in accordance with paragraph 8 of this court's order filed

18 September 25, 2012.  (ECF No. 13.)  No dispositive motion shall be filed prior to service of

19 defendants' further answers to interrogatories.

20           SO ORDERED.

21 DATED:  September 20, 2013

23 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

25 robi1992.mtn.cmpl.rvd

7